# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
# MANHATTAN DIVISION

### CASE NO.: 1:23-CV-05482

VOLTSTAR TECHNOLOGIES, INC.,

    Plaintiff,

v.

MIZCO INTERNATIONAL, INC.,

    Defendant.

## ORDER FOR MOTION FOR FINAL DEFAULT JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff, Voltstar Technologies, Inc.'s ("Voltstar") Motion for Final Default Judgment against Mizco International, Inc. ("Mizco").

Having reviewed all of the moving papers, I hereby find as follows:

1. **SERVICE OF PROCESS AND DEFAULT**

    a. The record reflects that proper service was made on Defendant, Mizco through its registered agent. (ECF No. 9).

    b. According to the record, no answer, motion or other appearance was filed on behalf of defendant.

    c. The Clerk of Court has properly entered notation of default against Mizco pursuant to Fed. R. Civ. P. 55(a). (ECF No. 14).

2. **LIABILITY**

    Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM C*o., 373 F.3d 241, 244 (2d Cir. 2004). Nevertheless, the Court is "required to determine whether the [plaintiffs']

allegations establish [defendant]'s liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009). Based upon examination of the complaint and motion papers, I find that plaintiff has demonstrated that the uncontroverted allegations, without more, establishes the defendant's liability on the following cause(s) of action:

   a. Count I - Direct Infringement of United Sates Patent Number RE 48,794 E pursuant to 35 U.S.C. §271(a).

   b. Count II - Direct Infringement of United Sates Patent Number 7,910,833 pursuant to 35 U.S.C. §271(a).

   c. Count III - Direct Infringement of United Sates Patent Number 7,960,648 pursuant to 35 U.S.C. §271(a).

Judgment is hereby entered in favor of Plaintiff Voltstar Technologies, Inc. and against Mizco International, Inc., and Plaintiff is granted relief as follows:

3. **DAMAGES**

   I find that the Plaintiff's asserted damages are too speculative. Accordingly, this case is referred to Magistrate Judge Gary Stein for further hearings and determinations as to Plaintiff's entitlement to damages.

4. **PERMANENT INJUNCTION**:

a. Voltstar's request for permanent injunctive relief is granted, and for the life of the '794 Patent, Mizco, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Mizco, prohibiting them from directly or indirectly infringing the '794 Patent or assisting in any such activity.

b. Voltstar's request for permanent injunctive relief is granted, and for the life of the '833 Patent, Mizco, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Mizco, prohibiting them from directly or indirectly infringing the '833 Patent or assisting in any such activity.

c. Voltstar's request for permanent injunctive relief is granted, and for the life of the '648 Patent, Mizco, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Mizco, prohibiting them from directly or indirectly infringing the '648 Patent or assisting in any such activity.

6. **CONCLUSION**

This judgment is effective immediately as to its injunctive features, and is to be supported by money damages when found by the magistrate judge.

**IT IS SO ORDERED** this 20th day of November, 2023.

_/s/ Alvin K. Hellerstein_____
ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE